UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

**KENTUCKY BAR ASSOCIATION**      **PLAINTIFF**

**v.**      **CIVIL ACTION NO. 4:11CV-60-M**

**DELLA TARPINIAN**      **DEFENDANT**

## MEMORANDUM OPINION

Della Tarpinian, filed this "Petition for Removal to Federal Jurisdiction for Questions of Constitutionality, pursuant to 28 U.S.C. § 1441, 28 U.S.C. § 1443 and 28 U.S.C. § 1446." From a review of the petition, it appears that on April 21, 2011, the Supreme Court of Kentucky issued an Opinion & Order holding Tarpinian in contempt for engaging in the unlawful practice of law in violation of the Kentucky Bar Association's January 27, 2003, directive. *See Kentucky Bar Assoc. v. Tarpinian*, 2010-SC-180-KB (April 21, 2011). Tarpinian is asking this Court to "reverse" the Kentucky Supreme Court's April 21, 2011, decision.

Upon review, the Court concludes that it lacks subject-matter jurisdiction over this action. Accordingly, the Court will dismiss it pursuant to its authority under FED. R. CIV. P. 12(h)(3) and *Apple v. Glenn*, 183 F.3d 477 (6th Cir. 1999).

### I. STANDARD OF REVIEW

Generally, a district court may not *sua sponte* dismiss a complaint/petition where the filing fee has been paid unless the court gives the plaintiff the opportunity to amend the complaint. *See Apple v. Glenn*, 183 F.3d at 479. However, where a complaint is "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion," the district court need not afford the plaintiff an opportunity to amend the complaint, especially where the district court has determined that it lacks subject matter

jurisdiction over the action." *Id.* (citing *Hagans v. Lavine*, 415 U.S. 528, 536 (1974)).

"A federal court generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in suit (subject-matter jurisdiction)." *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430-31 (2007). Under the Federal Rules of Civil Procedure, the Court must dismiss an action if it "determines at any time that it lacks subject-matter jurisdiction." FED. R. CIV. P. 12(h)(3). The dismissal should issue the moment the Court determines that subject-matter jurisdiction is lacking.

Thus, even though Plaintiff paid the $350.00 filing fee in this case, the Court does not have to delay before dismissing this action. This is so because the parties can neither create nor waive subject-matter jurisdiction. *Thomas v. Miller*, 489 F.3d 293, 298 (6th Cir. 2007) ("Parties cannot create subject-matter jurisdiction by contract where none exists, nor can they waive a court's lack of subject matter jurisdiction because, quite simply, subject- matter jurisdiction cannot be created where none exists.").

## II. ANALYSIS

Upon review, the Court finds that it lacks jurisdiction over Tarpinian's claims under the *Rooker-Feldman* doctrine. The *Rooker-Feldman* doctrine prevents inferior federal courts from exercising jurisdiction to engage in appellate review of final decisions of state courts. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291-92 (2005); *District of Columbia Crt. of App. v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). "[O]nly the United States Supreme Court has jurisdiction to correct state court judgments." *Gottfried v. Med. Planning Servs., Inc.*, 142 F.3d 326, 330 (6th Cir. 1998).

"[S]tate-court losers" cannot file suit in federal district courts "challenging 'state court

judgments rendered before the district court proceedings commenced.'" *Lance v. Dennis*, 546 U.S. 459, 460 (quoting *Exxon Mobil Corp.*, 544 U.S. at 284). he *Rooker-Feldman* doctrine prevents both a direct attack of the substance of a state court decision and any challenge to the procedures used by the state court in arriving at its decision. *Anderson v. Charter Twp. of Ypsilanti*, 266 F.3d 487, 493 (6th Cir. 2001).

A fair reading of Tarpinian's petition reveals that this case is nothing more than an appeal of the Kentucky Supreme Court's decision holding Tarpinian in contempt of court. Indeed, one need only look at the relief section of the petition as proof of this fact. Tarpinian expressly states that she is requesting the "USDC for the Western District of Kentucky [to] reverse the Kentucky Supreme Court Order . . . ." This Court does not have jurisdiction to grant the requested relief.

### III. CONCLUSION

Upon review, the Court concludes that *sua sponte* dismissal is appropriate because the *Rooker-Felman* doctrine prevents this Court from exercising jurisdiction over Plaintiff's claims. *See Russell v. Garrard*, 83 F. App'x 781, 782 (6th Cir. 2003) (citing *Apple v. Glenn* in affirming the district court's decision that the *Rooker-Feldman* doctrine divested it of jurisdiction in a case where the plaintiff alleged that the assistant attorney general of Michigan improperly exercised his influence in an unemployment compensation action); *Doscher v. Menifee Circuit Court*, 75 F. App'x 996, 997 (6th Cir. 2003) (affirming district's court *sua sponte* dismissal of a fee-paid case because the district court lacked jurisdiction to consider whether a state foreclosure action was conducted without regard to state procedures and motivated by favoritism to the bank).

Accordingly, for the reasons set forth in this Memorandum Opinion, the Court will enter

a separate Order dismissing this action for lack of subject-matter jurisdiction.

Date:

cc:  Della Tarpinian, *pro se*
     Kentucky Bar Association

4414.008